**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.:**

MITCHELL FRISCHER
an individual,

    Plaintiff,

v.

RENNTECH, INC. a Florida for Profit
Corporation,

    Defendant.
_____/

## **COMPLAINT**

Plaintiff, MITCHELL FRISCHER ("Frischer"), hereby sues the Defendant, RENNTECH, INC., a Florida for Profit Corporation, ("Renntech"), and declares and avers as follows:

1. Frischer was employed by Renntech as a sales representative. Frischer brings this action for overtime compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. §201, *et seq.* (hereinafter referred to as the "FLSA").

2. Frischer is a resident of Palm Beach County, Florida and is within the jurisdiction of this Court.

3. Renntech is a Florida for-profit corporation, which performs business in the Southern District of Florida, and employed Plaintiff within the Southern District of Florida.

4. This action is brought to recover unpaid overtime compensation, unpaid wages, liquidated damages, costs, and reasonable attorneys' fees, as well as for

declaratory and injunctive relief, under the provisions of the FLSA, 29 U.S.C. §201, *et seq.,* and specifically under 29 U.S.C. §216(b).

5. Jurisdiction is conferred on this Court by 28 U.S.C. §1337 and by 29 U.S.C. §216(b). At all times pertinent to this Complaint, Renntech was an enterprise engaged in interstate commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and 203(s). Upon information and belief,

6. Renntech is a covered employer under the FLSA.

7. Frischer was employed by Renntech to sell Renntech's services. When he was hired, Frischer was told that he was going to be given the title "Sales Manager," but he would have to earn that title and did not have any authority to act in a managerial capacity. In September 2016, he was demoted to a Product Specialist.

8. Plaintiff routinely worked in excess of forty hours per work week, but was never paid overtime to which he was entitled.

9. Renntech willfully and recklessly denied the correct compensation to Frischer, who should have been paid overtime for hours worked over forty per week in conformity with the applicable regulations. Renntech's actions violate the FLSA.

10. The records, if any, concerning the number of hours actually worked by Frischer are in the possession and custody of Defendant to the extent any were maintained at all. Defendant is required under the FLSA to maintain such records.

11. Frischer is entitled to be paid time and one-half his regular hourly wages (calculated in accordance with the federal regulations and inclusive of the commissions he earned in each work week) for each hour worked in excess of forty hours per work week.

12. By reason of the intentional, willful and unlawful acts of Defendant, Frischer has suffered damages, plus incurring costs and attorneys fees.

13. As a result of Defendant's willful violations of the Fair Labor Standards Act, as alleged above, Frischer is entitled to liquidated damages.

### COUNT I: RECOVERY OF OVERTIME COMPENSATION
### PLAINTIFF FRISCHER

14. PLAINTIFF FRISCHER adopts the allegations contained in paragraphs 1 through 13, above.

WHEREFORE, Mitchell Frischer demands judgment against Defendant Renntech for declaratory relief, unpaid overtime payments due him for the hours worked by him for which he has not been properly compensated, plus an equal amount in liquidated damages, reasonable attorneys' fees and costs of suit, and for all other relief the Court deems just and proper.

### COUNT II: RECOVERY OF UNPAID COMPENSATION
### PLAINTIFF FRISCHER

15. PLAINTIFF FRISCHER adopts the allegations contained in paragraphs 1 through 10, above.

16. Frischer was to be paid a commission for sales he made. He was not paid all commissions owed to him.

17. Renntech maintains the records of commissions that Frischer should have been paid, but that were arbitrarily withheld. When Frischer raised the issue of nonpayment with the owner, Hartmut Feyhl, Mr. Feyhl responded that he should "talk to Sharon (Mr. Feyhl's wife)" because, he claimed, she was the one who did not want to pay Frischer.

WHEREFORE, Mitchell Frischer demands judgment against Defendant for declaratory relief, unpaid commissions due him for the sales made by him for which he has not been properly compensated, prejudgment and post-judgment interest, reasonable attorneys' fees and costs of suit, and for all other relief the Court deems just and proper.

### **COUNT III: WHISTLEBLOWER ACT VIOLATIONS UNDER FLORIDA STATE LAW**

18. PLAINTIFF FRISCHER adopts the allegations contained in paragraphs 1 through 12, above.

19. During the course of his employment, Frischer objected to practices of Renntech that were in violation of laws, rules, and regulations. By way of example, Renntech's owners would instruct staff to tamper with the emissions systems and catalytic converters on vehicles in violation of the Clean Air Act.

20. In response to Frischer's objections, the owner stated that he knew these practices were violations of law, but it made vehicles faster and that's what the customers wanted.

21. Renntech fired Frischer. Frischer's objections to, complaints about and refusal to participate in the violations of laws, rules and regulations was a motivating factor in Frischer's termination.

WHEREFORE, Mitchell Frischer demands judgment against Defendant for backpay, front pay, compensatory damages, reasonable attorneys' fees and costs of suit, and for all other relief the Court deems just and proper.

**JURY TRIAL DEMAND**

PLAINTIFF FRISCHER DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

                              Respectfully submitted,

                              ROBYN S HANKINS, PL
                              Attorneys for PLAINTIFF
                              4600 Military Trail, Ste. 217
                              Jupiter, FL 33458
                              Telephone: (561) 721-3890
                              Facsimile: (561) 721-3889
                              robyn@hankins-law.com

By:    /s *Robyn S. Hankins*
           Robyn S. Hankins
           Florida Bar No. 0008699